UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARTINA CLARK,

      CASE NO. _____

    Plaintiff,

v.

TARGET CORPORATION, a foreign profit corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

Petitioner/Defendant, TARGET CORPORATION ("Target"), by and through their undersigned counsel, and pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446(b), hereby files this Notice of Removal to the United States District Court, Middle District of Florida, Orlando Division, for the cause of action presently pending in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, Case No.: 2023 31342 CICI and styled: Martina Clark v. Target Corporation. As grounds in support of this Notice of Removal, the following is stated:

    1.    This case is properly removable due to diversity of citizenship between Plaintiff and Defendant.

    2.    Venue is properly in the Orlando Division of the Middle District of Florida. Pursuant to M.D.L.R. 1.02(b)(3), and this case has been filed in state

court in Volusia County. Therefore, the Orlando Division is the proper Court for removal of this case.

3.   The Respondent/Plaintiff, MARTINA CLARK ("Plaintiff"), at all times material hereto, including at the time of filing her Complaint in Volusia County, Florida, as well as at the time of this Removal, was a citizen and resident of the State of Florida.

4.   Target, at all times material hereto, at the time of filing the Complaint, and at the time of this Removal, was and is a foreign corporation organized under the laws of the State of Minnesota. To determine the citizenship of a corporation for purposes of ascertaining diversity jurisdiction, the Court looks to: (1) the state of incorporation; and (2) the state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that the "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 91-94 (2010) (establishing the "nerve center" test as uniform approach for determining corporate citizenship). A copy of Target's corporate filing with the State of Florida, showing the principal place of business, is attached hereto as Exhibit "A."

5.   This Notice of Removal is founded and based upon complete diversity of citizenship jurisdiction between all parties pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441, *et seq.* There is complete diversity of citizenship

between Plaintiff and Target.  Plaintiff and Target are not residents or citizens of the same state.

   6. Target has filed with the Clerk of the Circuit Court for the Seventh Judicial Circuit, in and for Volusia County, Florida, a true and correct copy of the Notice to State Court Clerk of Removal of Case to Federal Court pursuant to 28 U.S.C.A. § 1446(d).  A copy of the Notice to State Court Clerk of Removal of Case to Federal Court is attached hereto as Exhibit "B."

   7. Target was served, through its Registered Agent, on May 26, 2023.  A copy of the Affidavit of Service is attached hereto as Exhibit "C."

   8. A copy of the original Complaint filed by Plaintiff in the state court action is attached hereto as Exhibit "D."

   9. On June 15, 2023, Target filed its Answer and Affirmative Defenses to the Plaintiff's Complaint, which is attached hereto as Exhibit "E."

   10. This Notice of Removal is being timely filed within thirty (30) days from May 26, 2023, the date upon which the Summons was served upon Target's Registered Agent.

   11. There are no other Defendants to this action who have been sued other than Target.  Accordingly, there are no other Defendants upon which any consent to this Removal to the United States District Court needs to be obtained.  Additionally, Target is the first and only Defendant who has been sued and served in this matter, and therefore is the only Petitioner/Defendant who is seeking Removal to the Middle District of Florida, Orlando Division.

12. Target has met its burden of proof by establishing by a preponderance of the evidence, as set forth below, that Plaintiff's claim for damages exceeds $75,000, exclusive of costs and interest, the amount in controversy limits of this Court. Although Plaintiff has not specifically alleged she seeks damages in excess of $75,000, exclusive of costs and interests, from the Complaint she filed in state court, it is clear the facial allegations set forth in the Complaint confirm that Plaintiff is seeking damages against Target which exceed the minimum limitations of subject matter jurisdiction in this Court. If this averment by Target is not accurate, then Plaintiff should be required to stipulate on the record that she is seeking no more than $75,000 in damages, exclusive of costs and interest, from Target.

13. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*.

14. Plaintiff alleges in her Complaint, attached hereto as Exhibit "D," that Plaintiff:

> [s]uffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future

[Ex. D; ¶ 11].

15. The Plaintiff also presented Target with a pre-suit demand letter on November 30, 2020, a copy of which is attached hereto as Exhibit "F."

16. The Plaintiff asserts she sustained very serious, life-altering permanent injuries as a result of the subject slip and fall while within Target's store. [Ex. F].

17. The Plaintiff also asserts her:

> [e]xtensive injuries include but are not limited to a L4-L5 disc herniation with annular tearing, flattening of ventral thecal sac, central canal stenosis, and bilateral foraminal stenosis; thoracic sprain/strain; lumbar sprain/strain; right knee sprain; left ankle sprain; traumatic brain injury without loss of consciousness; cervical radiculopathy; lumbar radiculopathy; lumbosacral radiculopathy; lumbago; lumbar lordosis straightening; right lower extremity radciulopathy; back muscle spasms; sciatica; myositis; skin paresthesia; dizziness; vertigo, or giddiness; nausea; sleep disturbance; visual disturbance; bilateral tinnitus; and post-traumatic headache, for which [the Plaintiff] has been recommended for corticosteroid injections.

[Ex. F].

18. The Plaintiff further asserted her past medical expenses, as of November 30, 2020, were at least $13,339.36. [Ex. F.]

19. On November 11, 2022, the Plaintiff presented Target with another demand letter, a copy of which is attached hereto as Exhibit "G."

20. The Plaintiff asserted she recently underwent invasive care in the form of injections to her luabr spine. [Ex. G].

21. In addition, the Plaintiff asserted she received a recommendation for a "Transforaminal Endoscopic Micro Nerve Root Decompression at L4/5 and L5/S1," with an estimated cost of $75,000. [Ex. G].

22. Plaintiff's allegations in her demand letter and Complaint also make clear she is seeking damages for future medical care spanning the remainder of her life. The Plaintiff is a thirty-five year old female and even a conservative view of alleged future medical needs for the remainder of Plaintiff's life would exceed the jurisdictional threshold for this Court.

23. Although courts have determined pre-suit demands can be seen as puffing or posturing, it has also been held that courts should give preference to the Plaintiff's own assessment of the value of their case. *Black v. State Farm Mut. Auto. Ins. Co.*, No. 10-80996-CIV, 2010 WL 4340281, *2 (S.D. Fla. Oct. 22, 2010) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994); *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 10-80783-CIV, at DE 7 (S.D. Fla. May 27, 2010).

24. Plaintiff's demand letters are instructive as to the Plaintiff's claim for alleged damages. The Plaintiff's demand letters are referenced solely for purposes of the Court viewing extrinsic evidence in its determination that the subject matter jurisdiction of this claim meets the minimum amount in controversy.

25. It is clear based upon the allegations set forth in the Complaint, in its entirety, both in terms of economic and non-economic damages, as well as the exhibits attached to this Notice of Removal, Plaintiff's claims fully support a conclusion she is seeking damages to be awarded in excess of the jurisdictional limits of this Court. Therefore, subject matter jurisdiction, even if Plaintiff did not specifically allege $75,000 in the original Complaint, is clearly vested in this Court.

26. The allegations set forth in this Notice of Removal are true and correct to the best of the knowledge and belief of the undersigned attorney.

27. The undersigned counsel is Attorney of Record for Target, and has been specifically authorized to act on behalf of Target in seeking removal of this cause of the United States District Court, Middle District of Florida, Orlando Division. Further, the undersigned Counsel of Record is a fully licensed attorney in the State of Florida, and is authorized to practice in the United States District Court, Middle District of Florida.

**WHEREFORE**, the Defendant, TARGET CORPORATION, hereby gives Notice of Removal and petitions this Court for the entry of an Order removing this cause from the Circuit Court for the Seventh Judicial Circuit, in and for Volusia County Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of Court using CM/ECF on June 26, 2023, and by serving via electronic mail (email) to: Melissa Goldstein, Esq., Schwed, Adams, & McGinley, P.A., eservice@schwedlawfirm.com, 7111 Fairway Drive, Suite105, Palm Beach Gardens, FL 33418, (561) 694-6079/(561) 694-6089 (F), Attorney for Plaintiff, Martina Clark.

/s/ *Michael J. Merrill*
MICHAEL J. MERRILL
Trial Counsel
FBN: 84488
YOLANDA D. MARTINEZ
FBN: 1035607
Attorneys for Defendant
1900 Summit Tower Blvd.
Suite 400
Orlando, FL 32810
Telephone: (321) 972-0022
Facsimile: (321) 972-0099
Primary Email:
michael.merrill@csklegal.com
Secondary Email:
yolanda.martinez@csklegal.com
amy.todd@csklegal.com