**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARTINA CLARK,

        Plaintiff,

v.                                        Case No:   6:23-cv-1189-RBD-LHP

TARGET CORPORATION,

        Defendant

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO SEAL UNDER RULE 26(c)(1)(G) AND CHAPTER 688, FLORIDA STATUTES (Doc. No. 41)** |
| **FILED:** | **August 2, 2024** |
| **THEREON** it is **ORDERED** that the motion is **DENIED as moot**. | |

Defendant filed an amended motion.  *See* Doc. No. 43.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S UNOPPOSED AMENDED MOTION TO SEAL UNDER RULE 26(c)(1)(G) AND CHAPTER 688, FLORIDA STATUTES (Doc. No. 43)** |
| **FILED:** | **August 5, 2024** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant moves to file under seal closed circuit television ("CCTV") footage of the incident at issue in this litigation, to support its pending motion for summary judgment. Doc. No. 43; *see also* Doc. No. 42. Plaintiff does not oppose. Doc. No. 43, at 5.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). Relevant here, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]" *Chicago Trib.*, 263 F.3d at 1312. "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature

and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

Here, because the footage Defendant wishes to file under seal is associated with summary judgment briefing—a pretrial motion requiring judicial resolution on the merits—the common law right of access applies. Defendant contends that the CCTV footage must be filed under seal in order to avoid substantial injury to Defendant because the location of security cameras on its premises is vital to Defendant's and its patrons' security, the information is not disseminated to the general public, and the information constitutes a trade secret. Doc. No. 43, at 1–2, 3–4.

Based on the representations in the motion, having considered Local Rule 1.11 and the Eleventh Circuit's standard for sealing, and given the lack of objection from Plaintiff, the Court finds good cause to allow Defendant to file the CCTV

---

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

footage under seal. *See, e.g.*, *Harvey-Valdes v. Home Depot U.S.A., Inc.*, No. 8:22-cv-2572-JLB-JSS, 2024 WL 730477, at *1 (M.D. Fla. Feb. 22, 2024) (granting similar motion to seal CCTV footage); *Johnson v. E. Coast Waffles*, No. 6:18-cv-608-JA-LHP, 2023 WL 6621050, at *2 (M.D. Fla. Oct. 11, 2023) (same).

Accordingly, it is **ORDERED** as follows:

1. Defendant's Unopposed Amended Motion to Seal Under Rule 26(c)(1)(G) and Chapter 688, Florida Statutes (Doc. No. 43) is **GRANTED**.

2. On or before **August 13, 2024**, Defendant shall file under seal with the Clerk of Court the CCTV footage.

3. Upon review, the Court may require that some or all of the information filed under seal be filed in the public record, if it determines that the information is not properly subject to sealing. Otherwise, this seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e).

**DONE** and **ORDERED** in Orlando, Florida on August 6, 2024.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

- 5 -

Unrepresented Parties