**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARTINA CLARK,

        Plaintiff,

v.                              Case No:  6:23-cv-1189-RBD-LHP

TARGET CORPORATION,

        Defendant

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S AMENDED MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS (Doc. No. 49)
>
> **FILED:** September 7, 2024
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

In this action, Plaintiff Martina Clark alleges negligence against Defendant Target Corporation due to bodily injury suffered from a slip and fall at Defendant's store. Doc. No. 1-4. Discovery closed on July 5, 2024, and the matter is set to

proceed to trial in January 2025.  Doc. No. 17.  By the above-styled motion, filed on September 7, 2024, Defendant moves for sanctions against Plaintiff under Federal Rules of Civil Procedure 37 and 41(b) in the form of an involuntary dismissal of this case on three bases: (1) Plaintiff's failure to attend a compulsory medical examination ("CME") ordered by the Court for April 11, 2024; (2) Plaintiff's failure to attend a rescheduled CME agreed to by the parties for August 20, 2024; and (3) Plaintiff's failure to attend mediation scheduled for August 23, 2024.  Doc. No. 49.  In the alternative, if the Court finds the sanction of dismissal too severe, Defendant requests that the Court issue a new Case Management and Scheduling Order ("CMSO") providing Defendant additional time to complete a CME and prepare for trial.  *Id.* at 7.  Plaintiff opposes the request for dismissal, but does not oppose Defendant's alternative requested relief.  Doc. No. 51.

Upon consideration, and for the reasons discussed below, the Court does not find case-dispositive sanctions warranted.[1]

As it relates to the first CME ordered by the Court to take place on April 11, 2024, sanctions are not warranted based on the facts presented.  According to

---

[1] Because the undersigned is not considering case-dispositive sanctions, Defendant's motion is resolved by Order as opposed to a Report and Recommendation. *See In re: Administrative Orders of the Chief Judge*, Case No. 3:21-mc-1-TJC, Doc. No. 127 (M.D. Fla. Feb. 9, 2024); 28 U.S.C. § 636.

Defendant's motion, Plaintiff simply failed to appear. Doc. No. 49, at 2. But as demonstrated by Plaintiff's response and attachments, Plaintiff was in and out of the hospital between March and June 2024 and stopped communicating with counsel. Doc. No. 51, at 15 ¶¶ 5–7. Moreover, ten days prior to the CME, Plaintiff's counsel notified Defendant's counsel by email about the loss of contact and requested cancelation of the CME. *Id.* at 519. Defense counsel indisputably received that email and agreed to reschedule. Doc. No. 49, at 3; Doc. No. 51, at 518-19. Given the ten-day notice provided, the Court does not find sanctions warranted on the facts presented, particularly given Defendant's acquiescence and failure to seek any relief from the Court regarding the first CME. *See generally Nwabeke v. Torso Tiger, Inc.*, 194 F. App'x 669, 670 (11th Cir. 2006) ("For such a harsh sanction as dismissal [for failure to comply with a Rule 35 Order], we require that the record clearly reflect a willful pattern of delay and obstruction of the orderly progress of the case."). Nor does the Court find it appropriate to penalize Plaintiff for Defendant's choice of expert who apparently would not accept the cancelation without imposing a fee. *See* Doc. No. 51, at 518.

Regarding the second CME agreed to by the parties to take place on August 20, 2024, sanctions are either unavailable or unwarranted. Defendant says that the parties agreed amongst themselves to schedule the second CME, and the docket reflects no court order. Doc. No. 49, at 3. It is not clear from Defendant's motion

why the parties waited until over four months after the first CME to reschedule, or why Defendant waited until August 16, 2024 to notice the second CME. *See id.*; Doc. No. 51, at 522. Notably, discovery closed in this case on July 5, 2024, and the parties never obtained an extension of the discovery period for the CME to take place on August 20, 2024. *See* Doc. No. 17. And the parties' filings reflect that despite Defendant's contention that Plaintiff wholly failed to appear for the second CME, Plaintiff did in fact appear, albeit five (5) minutes late, and the examiner refused to see her. Doc. No. 51, at 15.

Without a court order setting the second CME, sanctions under Rule 37(b)(2) are unavailable to Defendant. *See* Fed. R. Civ. P. 37(b)(2) (sanctions for failing to obey a discovery order under Rule 35); *Alfaro v. Briggs & Stratton Corp.*, No. 6:05-cv-1639-Orl-28DAB, 2007 WL 9723123, at *3 & n.7 (M.D. Fla. Oct. 16, 2007) (Rule 37(b) sanctions unavailable absent a court order); *see also Steward v. West*, No. 2:21-CV-04056, 2023 WL 2479807, at *1 (W.D. La. Mar. 10, 2023) (sanctions related to Rule 35 are not available under Rule 37 when there is no court order ordering the examination).[2] And given the lack of a court order setting the second CME, as well

---

[2] While the Court's inherent authority may come into play when sanctions are unavailable under Rule 37, *see Steward*, 2023 WL 2479807, at *1, Defendant does not ask the Court to exercise its inherent authority here. Even if Defendant had, Defendant fails to allege or demonstrate that Plaintiff acted in bad faith, and thus dismissal under the Court's inherent authority is not warranted. *See generally J.C. Penney Corp., Inc. v. Oxford Mall,*

- 4 -

as Defendant's failure to seek relief from the Court within the discovery deadline set forth in the CMSO, the Court finds the sanction of dismissal under Rule 41 unwarranted.  *See* Doc. No. 17, at 3 ("The parties may not modify the Court's deadlines by any other means—including by an agreement that is not presented to and approved by the Court."); *see also, e.g.*, *Waters v. United States*, No. 3:22-cv-333-MMH-PDB, 2023 WL 8452057, at *2–3 (M.D. Fla. Dec. 6, 2023) (denying sanction of dismissal because the defendant "did not pursue the remedies available under the Rules for [the] [p]laintiff's discovery failings and [did] not present[] any other lawful basis for dismissal," and finding that the defendant could not use Rule 41 to bypass the procedural requirements of Rule 37).[3]

In sum, with regard to the two CMEs (and considered in conjunction with the August 23, 2024 mediation as set forth below), the Court does not find case-dispositive sanctions warranted based on the facts presented.   Nor does the Court find Defendant's alternative request for issuance of a new CMSO well taken, given that summary judgment has already been filed, and the only discovery Defendant

---

*LLC*, 100 F.4th 1340, 1346 (11th Cir. 2024) (the "key to unlocking" the court's inherent power is a finding of bad faith).

[3] The Court notes that Defendant's motion mentions Rule 41(b) only once in the opening paragraph of the motion.  Doc. No. 49, at 1.  Defendant otherwise provides no argument or analysis as to whether dismissal under Rule 41(b) would be proper based on the facts presented.

requests is a CME.  *See* Doc. Nos. 42, 49.  But, to remedy any prejudice given that a CME has yet to be conducted in this case, the Court will require Plaintiff to submit to a CME on short notice, as more fully set forth below.  *See, e.g.*, *Edmondson v. 2001live, Inc.*, No. 8:16-cv-3243-EAK-AEP, 2018 WL 3860206, at *2 (M.D. Fla. July 3, 2018) (denying requested sanction of dismissal for the plaintiff's failure to make herself available for deposition due to the inability to secure childcare, but to remedy the issue, reopening discovery for the limited purpose of conducting the plaintiff's deposition within fourteen days).  But should Plaintiff fail to appear as required/agreed, sanctions may be warranted at that point.[4]  Based on the procedural posture of this case, any report resulting from the CME will be available for purposes of trial alone.

Finally, with regard to the August 23, 2024 mediation, there is no dispute that Plaintiff failed to appear.  Doc. Nos. 49, 51.  And the Court finds unavailing Plaintiff's explanation that she simply slept through her alarms and calls from counsel.  Doc. No. 51, at 16.  But even Defendant acknowledges that case-dispositive sanctions would not be warranted based on Plaintiff's failure to appear at mediation alone.  Doc. No. 49, at 8 ("The Plaintiff's failure to attend mediation

---

[4] The Court notes that although it appears from the record that Plaintiff has relocated to Ohio, Plaintiff chose to bring the action against Defendant in Florida, where she must litigate it.

alone would likely not rise to the level of imposing severe sanctions against the Plaintiff.").

Nonetheless, pursuant to the terms of the CMSO, and the lack of justification for Plaintiff's absence from mediation, monetary sanctions are warranted. *See* Doc. No. 17, at 15–16 ("Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, shall attend and participate in the mediation conference . . . **The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference**." (emphasis in original)). Thus, the Court will require Plaintiff to reimburse Defendant for its portion of the mediator's fee for the August 23, 2024 mediation. *See id.*; *see also, e.g.*, *King v. Eli Lily & Co.*, No. 3:05-cv-1235-J-33-HTS, 2007 WL 1141512, at *2 (M.D. Fla. Apr. 16, 2007) (ordering payment of opposing party's portion of mediator fee for failure to attend court-ordered mediation). Because the parties have yet to mediate this case, the Court will also require the parties to schedule and attend another mediation. And given that the second mediation has been necessitated by Plaintiff's failure to appear at the first, the Court also finds it appropriate for Plaintiff to bear the costs of the mediator's fee for the second mediation. *See, e.g.*, *U.S. Sec. & Exch. Comm'n v. Spartan Sec. Grp., Ltd.*, No. 8:19-cv-448-T-33CPT, 2020 WL 1431605, at *2 (M.D. Fla. Feb. 26, 2020) (imposing sanctions for failure to appear in person at mediation in

the form of mediation expenses for first failed mediation as well as costs of second mediation).   Failure to appear at the rescheduled mediation may result in further sanctions.   *See* Fed. R. Civ. P. 16(f); Doc. No. 17, at 15–16.

Accordingly, for the reasons set forth herein, it is **ORDERED** as follows:

1. Defendant's Amended Motion for Sanctions for Plaintiff's Failure to Comply with Court Orders (Doc. No. 49) is **GRANTED in part and DENIED in part**.

2. Within **seven (7) days** of the date of this Order, the parties shall meet and confer in good faith to come to an agreeable date to conduct a CME, which must be scheduled to take place with **twenty-one (21) days** of the date of this Order.  Within **seven (7) days** of the date of this Order, the parties shall file a joint proposed order setting forth the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.  *See* Fed. R. Civ. P. 35.  **These deadlines will not be extended.**

3. Within **seven (7) days** of the date of this Order, the parties are directed to confer, and then advise the Court, on the selection of a date and a mediator for an **in-person** rescheduled mediation, which shall also occur within **twenty-one (21) days** of the date of this Order.   Plaintiff shall be required to

pay the entire mediator's fee for the second mediation. **This deadline will not be extended.**

4. Within **seven (7) days** of the date of this Order, the parties shall conduct a substantive meet and confer on the amount due and owing to Defendant for Defendant's portion of the mediator's fee for the August 23, 2024 mediation. **On or before expiration of this deadline**, the parties shall file a joint notice of the agreed upon amount due to Defendant. Absent agreement by the parties to the amount due, within **seven (7) days** thereafter, Defendant shall file a motion, supported by appropriate documentation, establishing the amount of the mediator fee due to Defendant for the August 23, 2024 mediation.

5. Defendant's motion (Doc. No. 49) is **DENIED in all other respects**.

6. Plaintiff is cautioned that failure to comply with the requirements of this Order may result in the dismissal of this case. *See* Fed. R. Civ. P. 16(f); *see also* Fed. R. Civ. P. 37(b)(2).

7. **Except as outlined herein, no other deadlines set forth by the Court are extended, altered, or amended by this Order.** *See* **Doc. No. 17.**

**DONE** and **ORDERED** in Orlando, Florida on October 21, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties