**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARTINA CLARK,

        Plaintiff,

v.                                                                    Case No:   6:23-cv-1189-RBD-LHP

TARGET CORPORATION,

        Defendant

**ORDER**

Pursuant to the Court's October 21, 2024 Order (Doc. No. 55), and upon consideration of Defendant's proposed order submitted in response, to which Plaintiff has no objection (Doc. No. 58), it is **ORDERED** as follows:

1. On **November 9, 2024, at 10:00 a.m.**, Plaintiff shall appear at **Hilton Orlando, 6001 Destination Parkway, Orlando, FL 32819**, to be examined by **Faissal Zahrawi, M.D.**, who will conduct "a standard orthopedic examination which is routinely conducted by orthopedic surgeons, and will include the review of records, the taking of a history, and a standard orthopedic examination of the Plaintiff's back, hips, left ankle, and right knee,

in a manner similar, but perhaps not identical to, examinations administered to Plaintiff by her own physician(s)."

2. The examination will also comply with the following conditions:

a. The examination shall be at Defendant's expense.

b. This examination is not a deposition so the examiner shall be limited to that information reasonably necessary to conduct the orthopedic evaluation, including a brief medical history as well as present complaints. The examination is to be limited to the specific medical conditions in controversy.

c. Plaintiff will not be required to complete any forms upon arrival at the examiner's office other than standard sign in forms and forms that confirm Plaintiff's identity. Questions pertaining to present medical complaints, mechanism of injury and prior/subsequent similar injuries involved in this action are permitted, limited to the areas of complaints. Questions pertaining to "fault" such as facts and circumstances as to how the injury complained of occurred, when the Plaintiff told her attorney, investigators, witnesses or treating physicians or other health care providers are not permitted.

d. It shall be defense counsel's responsibility to provide the examiner with all medical records, imaging studies, test results, and the like

which the defense wants the examiner to review and rely upon as part of the examination. Plaintiff shall not be required to bring anything to the exam other than valid identification (e.g., Driver's License, Official State Identification Card, or government-issued Passport).

e. Plaintiff may send a videographer to the examination.

f. Defense counsel or its representatives may not attend, observe, record, or videotape the examination.

g. All protected health information generated or obtained by the examiner shall be kept in accordance with HIPPA requirements and shall not be disseminated by the examiner or defense counsel to any other person or entity not a party to this case without a specific order from this court.

h. The examiner shall not be identified as "independent", "appointed by the court" or the like. The examination shall be referred to as a "Compulsory Medical Examination."

i. Plaintiff shall arrive no later than 9:45 a.m. and shall not be required to wait any longer than 10:30 a.m. for the compulsory examination to begin. Likewise, the Compulsory Medical Examination doctor is not required to wait any longer than 10:00 a.m. for the Plaintiff to arrive. If there is an emergency by either the physician or the Plaintiff, each

person shall immediately notify the irrespective legal representative with the reason for the need to reschedule.

j. Defense counsel shall provide the examiner with a copy of this order.

**DONE** and **ORDERED** in Orlando, Florida on October 29, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties